THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

O'NEILL ESTRADA et al.,

   *Plaintiff*,

     **v.**

HOME MORTGAGE BANKERS, et al.,

   *Defendant*.

Civil No. 24-01577 (MAJ)

## OPINION AND ORDER

This action was filed by Juan O'Neill Estrada, María Benita Nuñez Adames, and their Conjugal Partnership ("Plaintiffs") against Home Mortgage Bankers Corp. ("Home Mortgage"), Oriental Bank ("Oriental"), the U.S. Department of Housing and Urban Development, and the Federal Housing Commissioner (collectively "Defendants"). (**ECF No. 4**). Presently before the Court is a Motion to Dismiss filed by Oriental. (**ECF No. 29**).

According to the Amended Complaint, Plaintiffs purchased a home on December 18, 2023. (**ECF No. 4 at 6 ¶ 12**). The purchase was financed with credit extended by Defendants.[1] Plaintiffs allege that the transaction was procedurally flawed: according to the Amended Complaint, "Plaintiffs were not given reasonable time to review [the] home purchase and home mortgage documents . . . [and] they were not shown the entire

---

[1]    The Amended Complaint does not distinguish between the actions of each respective Defendant. *See, e.g.*, (**ECF No. 4 at 3–4 ¶ 6**) ("All above listed codefendants are the lender and/or loan servicer primarily responsible for enforcing terms of the home purchase contract, the mortgage deed and/or respond vicariously for the acts and/or omissions of all listed responsible individuals, alleged herein.").

property" before the purchase. (**ECF No. 4 at 4 ¶ 8**). The same day that Plaintiffs finalized the purchase of their new home, remorse set in: upon inspection of the property, Plaintiffs discovered that their new home was in a state of serious disrepair. (**ECF No. 4 at 4 ¶ 8**). Plaintiffs quickly attempted to rescind their purchase, but Defendants refused. (**ECF No. 4 at 6 ¶ 12**). Plaintiffs now bring claims under federal and state law seeking legal, equitable, and declaratory relief against Defendants. (**ECF No. 4 at 7–10**).

On May 5, 2025, Home Mortgage moved to dismiss the Amended Complaint. (**ECF No. 17**). The motion was referred to Magistrate Judge Mariana E. Bauzá Almonte for a Report and Recommendation. (**ECF No. 25**). On July 16, 2025, Magistrate Judge Bauzá Almonte issued a Report and Recommendation. (**ECF No. 32**). In a thorough and well-reasoned Report, Magistrate Judge Bauzá Almonte recommended the dismissal of each of Plaintiffs' claims against Home Mortgage. Those claims included: (1) a claim brought under The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et. seq.*, and the regulations that implement TILA, 12 C.F.R. § 1026 *et. seq.*, (**ECF No. 32 at 3–6**) (2) a claim brought under Federal Trade Commission regulations governing Door-to-Door Sales, 16 C.F.R. § 429 *et seq.*, (**ECF No. 32 at 6–7**) (3) a claim brought under The Real Estate Settlement Procedures Act, (**ECF No. 32 at 7–10**), (4) a claim brought under the Federal Housing Act of 1949, 42 U.S.C. §§ 1441, 1472 *et seq.*, (**ECF No. 32 at 7 n.5**), and (5) a set of pendant state law claims (**ECF No. 32 at 10**).

As the Report and Recommendation expressly warned, Plaintiffs were afforded fourteen days to file specific objections to the Report and Recommendation. (**ECF No. 32 at 11–12**). Plaintiffs did not file any timely objections to the Report and Recommendation, which, after careful review, was adopted by the Court. (**ECF No. 35**). Plaintiffs' claims against Home Mortgage were accordingly dismissed. (**ECF No. 37**).

On June 30, 2025, Oriental filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (**ECF No. 29**). Plaintiffs oppose the motion. (**ECF No. 31**). Magistrate Judge Bauzá Almonte's Report and Recommendation did not expressly address this motion; nevertheless, the issues presented by this motion are identical to those addressed by the Report and Recommendation, because the Amended Complaint does not distinguish in any material way between the actions of Home Mortgage and the actions of Oriental.[2]

"Under the law of the case doctrine, unless corrected by an appellate tribunal, a legal decision made at one stage of a civil or criminal case constitutes the law of the case throughout the pendency of the litigation." *Latin Am. Music Co. Inc. v. Media Power Grp., Inc.*, 705 F.3d 34, 40 (1st Cir. 2013) (internal quotations and citations omitted); *see also United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993): (where the law of the case doctrine applies, "the aggrieved party is deemed to have forfeited any right to challenge that particular decision at a subsequent date"). Since the Court's prior Order adopting the Report and Recommendation constitutes a final order, (**ECF No. 35**), the law of the case doctrine applies in full force. *Cf. Media Power Grp., Inc.*, 705 F.3d at 40 (noting that the law of the case doctrine does not strictly apply to interlocutory orders). By failing to object to the Report and Recommendation, Plaintiffs waived their right to review in the district court as well as their right to contest the grounds of the Report and Recommendation on appeal. *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir. 1992).

When the Court entered an Order adopting the Report and Recommendation, the legal conclusions presented therein became "the law of the case." *See Stevens v. Foster*

---

[2]       *See supra* n.2.

Civ. No. 24-01577 (MAJ)                                                                   Page 4

*Wheeler, LLC*, Civ. No. 14-157S, WL 8577465, at *5 (D.R.I. Oct. 14, 2016) (where district court adopted report and recommendation denying summary judgment *over movant's objection*, that decision "became the law of the case"); *see also United States v. Wallace*, 573 F.3d 82, 90 (1st Cir. 2009) (failure to file timely objection to district court sentencing determination triggers the law of the case doctrine).

Plaintiffs do not identify any reasons to reconsider the previous Order adopting the Report and Recommendation; instead, the arguments raised by Plaintiffs in opposition to the instant motion duplicate the arguments raised and resolved in the Report and Recommendation. *See* (**ECF No. 31**); *see United States v. Wallace*, 573 F.3d 82, 89 (1st Cir. 2009) (where the law of the case doctrine applies, a party may obtain reconsideration of a prior order only by establishing grounds for reconsideration, such as "if the initial ruling was made on an inadequate record or was designed to be preliminary or tentative, if there has been a material change in the controlling law, if newly discovered evidence bears on the question, or if reconsideration would avoid manifest injustice.") (internal quotations and citation omitted).

Most importantly, upon careful review of the Amended Complaint, the Court finds that the conclusions of the Report and Recommendation are accurate. Accordingly, the Court adopts the following conclusions from the Report and Recommendation: (1) Plaintiffs fail to state a claim for which relief may be granted under The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et. seq.*, and the regulations that implement TILA, 12 C.F.R. § 1026 *et. seq.*, (**ECF No. 32 at 3–6**) (2) Plaintiffs fail to state a claim for which relief may be granted under Federal Trade Commission regulations governing Door-to-Door Sales, 16 C.F.R. § 429 *et seq.*, (**ECF No. 32 at 6–7**) (3) Plaintiffs fail to state a claim for which relief may be granted under The Real Estate Settlement Procedures Act, (**ECF No.**

**32 at 7–10**), and (4) Plaintiffs fail to state a claim for which relief may be granted under the Federal Housing Act of 1949, 42 U.S.C. §§ 1441, 1472 *et seq.*, (**ECF No. 32 at 7 n.5**). In addition, because Plaintiffs have failed to state a claim for which relief may be granted under federal law, the Court declines to exercise jurisdiction over Plaintiffs' pendant state law claims. (**ECF No. 4 at 8–9**). Accordingly, the Amended Complaint is **DISMISSED** in its entirety as to Oriental. Partial Judgment will follow accordingly.

    **IT IS SO ORDERED.**

    In San Juan, Puerto Rico, this 2nd day of December, 2025.


                          ***s/ María Antongiorgi-Jordán***
                          **MARIA ANTONGIORGI-JORDAN**
                          **UNITED STATES DISTRICT JUDGE**